VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

MARIUS XAVIER MITCHELL,

      Plaintiff,

v.                                 Case No. CL15-1181

NEAL A. ROBERTSON

      Defendant.

## NOTICE OF NOTICE OF REMOVAL

TAKE NOTICE that on August 29, 2016, the defendant, Neal A. Robertson, by

counsel, submitted for filing a Notice of Removal in the United States District Court for the

Eastern District of Virginia, Norfolk Division, in order to effect the removal of this action to

that Court. A copy of the Notice of Removal is attached hereto.

NEAL A. ROBERTSON

By _____
           Of Counsel

Alan Brody Rashkind, Esquire
Virginia State Bar No. 12658
James A. Cales III, Esquire
Virginia State Bar No. 41317
Jonathan R. Hyslop, Esquire
Virginia State Bar No. 78618
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
Norfolk, Virginia 23502
Telephone (757) 461-7100
Facsimile (757) 461-0083
Email: jcales@furnissdavis.com

**EXHIBIT**

A

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed on August 29, 2016, to all counsel of record, and potential counsel:

Rhiannon M. Jordan, Esquire
Jeremiah A. Denton III, Esquire
Jeremiah A. Denton, IV, Esquire
477 Viking Drive, Suite 100
Virginia Beach, Virginia 23452-7356
Facsimile: 757-340-4505

Bruce C. Sams, Esquire
Law Office of Bruce C. Sams
208 Plume Street, Suite 210
Norfolk, Virginia 23510
Facsimile: 757-627-4042

2

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

MARIUS XAVIER MITCHELL,

        Plaintiff,

v.                                   CASE NO. CL15-1181

NEAL A. ROBERTSON and
CITY OF NORFOLK, VIRGINIA and
ITS POLICE DEPARTMENT,

        Defendants.

<u>ANSWER TO FIRST AMENDED COMPLAINT</u>

Now comes defendant Neal A. Robertson, by counsel, and for his Answer to the First Amended Complaint, states as follows:

1.     On information and belief, he admits the allegations of paragraph 1 of the First Amended Complaint.

2.     With respect to the allegations of paragraph 2 of the First Amended Complaint, while he denies that there is any basis for him to be sued in any capacity, and while he avers that his race is immaterial to the matters raised in the First Amended Complaint, he admits the allegations of paragraph 2 of the First Amended Complaint.

3.     While denying that there is any basis to bring an action against him, he admits the venue and jurisdictional allegations contained in paragraph 3 of the First Amended Complaint.

4.     While denying that there exists any basis under state or federal law to sue him in any capacity, he admits the jurisdictional allegations of paragraph 4 of the First Amended Complaint.

5.     In response to paragraph 5 of the First Amended Complaint, he denies any

1

allegedly wrongful conduct on his part as alleged in paragraph 5 of the First Amended Complaint.

6. He admits the allegations of paragraph 6 of the First Amended Complaint.

7. He admits the allegations of paragraph 7 of the First Amended Complaint.

8. He admits the allegations of paragraph 8 of the First Amended Complaint.

9. He denies the allegations of paragraph 9 of the First Amended Complaint as worded.

10. He admits the allegations of paragraph 10 of the First Amended Complaint.

11. In response to the allegations of paragraph 11 of the First Amended Complaint, he admits only that Mitchell exited the back of the vehicle and began walking, but neither admits nor denies and calls for the strict proof of allegations as to Mitchell's intent.

12. He admits the allegations of paragraph 12 of the First Amended Complaint.

13. He denies the material allegations of paragraph 13 of the First Amended Complaint, although he admits that his handgun was unholstered and displayed and that he ordered plaintiff to get back into the vehicle.

14. He denies the allegations of paragraph 14 of the First Amended Complaint, except that he admits that his handgun was unholstered and displayed, and that he ordered plaintiff to get back in the vehicle.

15. He denies allegations of paragraph 15 of the First Amended Complaint as worded.

16. He denies the allegations of paragraph 16 of the First Amended Complaint.

17. He denies the allegations of paragraph 17 of the First Amended Complaint.

2

18.     He is not advised as to plaintiff's state of mind, which is the basis for the allegation in paragraph 18 of the First Amended Complaint, but he denies that the plaintiff had a reasonable basis to fear for his life if in fact he so feared, as alleged in paragraph 18 of the First Amended Complaint.

19.     In response to the allegations of paragraph 19 of the First Amended Complaint, he admits only that the plaintiff ran from him, but denies that plaintiff had a reasonable basis to fear that defendant would shoot him, and denies that plaintiff acted in accord with such fear, if indeed plaintiff had such fear as alleged in paragraph 19 of the First Amended Complaint.

20.     He admits the allegations of paragraph 20 of the First Amended Complaint.

21.     He admits the allegations of paragraph 21 of the First Amended Complaint.

22.     In response to the allegations of paragraph 22 of the First Amended Complaint, he is not advised as to whether or not plaintiff was "panic stricken," and he admits that plaintiff got in the open door of his unmarked police vehicle, but he denies that plaintiff was unaware that it was Robertson's vehicle or that it was a police vehicle.

23.     He denies the material allegations of paragraph 23 of the First Amended Complaint.

24.     He denies the allegations of paragraph 24 of the First Amended Complaint.

25.     He denies the allegations of paragraph 25 of the First Amended Complaint.

26.     He denies the allegations of paragraph 26 of the First Amended Complaint.

27.     He denies the allegations of paragraph 27 of the First Amended Complaint.

28.     He denies the allegations of paragraph 28 of the First Amended Complaint.

29.     He denies the allegations of paragraph 29 of the First Amended Complaint.

3

30.     He denies the allegations of paragraph 30 of the First Amended Complaint.

31.     He denies the allegations of paragraph 31 of the First Amended Complaint.

32.     With respect to the allegations of paragraph 32 of the First Amended Complaint, he is not advised as to the full nature and extent of the injuries and medical expenses or any of the other alleged damages claimed, and neither admits nor denies the same, but rather calls for the strict proof thereof; however, he denies that such injuries or damages as were sustained were the direct or proximate result of any unlawful, unconstitutional, reckless or grossly negligent acts or omissions on his part, including denying the use of excessive force, and denying the violation of any constitutional rights of plaintiff, all as alleged in paragraph 32 of the First Amended Complaint.

33.     He denies the allegations of paragraph 33 of the First Amended Complaint.

34.     He denies the allegations of paragraph 34 of the First Amended Complaint.

35.     In response to the allegations of paragraph 35 of the First Amended Complaint, he incorporates by reference as though fully set forth herein all paragraphs of this Answer.

36.     He denies the allegations of paragraph 36 of the First Amended Complaint, and avers that the allegations of paragraph 36 of the First Amended Complaint fail to support a cause of action for violation of plaintiff's Fourteenth Amendment rights.

37.     While he is not advised as to the full nature and extent of the injuries and damages allegedly sustained by the plaintiff, all as alleged in paragraph 37 of the First Amended Complaint, and neither admits nor denies the same, but rather calls for the strict proof thereof, he denies that such injuries or damages as were sustained were the direct or proximate result of any wrongful conduct, acts or omissions on his part, all as alleged

4

in paragraph 37 of the First Amended Complaint.

38.     In response to the allegations of paragraph 38 of the First Amended Complaint, he incorporates by reference as though fully set forth herein all paragraphs of this Answer.

39.     In response to the allegations of paragraph 39 of the First Amended Complaint, he denies that plaintiff has a basis to claim damages for violation of his Fourth and Fourteenth Amendment constitutional rights.

40.     He denies the allegations of paragraph 40 of the First Amended Complaint.

41.     He denies the allegations of paragraph 41 of the First Amended Complaint.

42.     While he is not advised as to the full nature and extent of the injuries and damages allegedly sustained by the plaintiff, all as alleged in paragraph 42 of the First Amended Complaint, he denies that such injuries or damages as were sustained were the direct or proximate result of any false or unlawful arrest, and/or any other wrongful act or omission on the part of this defendant, all as alleged in paragraph 42 of the First Amended Complaint.

43.     In response to the allegations of paragraph 43 of the First Amended Complaint, he incorporates by reference as though fully set forth herein all paragraphs of this Answer.

44.     He denies the allegations of paragraph 44 of the First Amended Complaint, which are a misstatement of the legal principles applicable under all of the circumstances.

45.     He denies both the factual allegations and legal conclusions of paragraph 45 of the First Amended Complaint.

46.     He denies the allegations of paragraph 46 of the First Amended Complaint.

47.     He is not advised as to the full nature and extent of the injuries and damages allegedly sustained by the plaintiff, and neither admits nor denies the same, but rather calls for the strict proof thereof, but denies that such injuries and damages as were sustained were the direct or proximate result of any grossly negligent or other wrongful acts or omissions on his part, as alleged in paragraph 47 of the First Amended Complaint.

48.     To the extent the foregoing has not addressed each allegation and paragraph of the First Amended Complaint requiring a response, each such unaddressed allegation and paragraph is denied.

49.     He denies that he is indebted to the plaintiff in any sum, for any reason.

50.     He denies that the First Amended Complaint states a claim upon which relief can be granted to the plaintiff against him insofar as the First Amended Complaint seeks recovery on the basis of alleged violation of the Fourteenth Amendment and on the basis of unlawful arrest.

51.     He avers that the plaintiff's claims are barred by his own intentional misconduct, voluntary participation in criminal activity, contributory negligence and/or assumption of the risk, which was a proximate cause of the injuries and damages of which plaintiff complains.

52.     He avers that all of his acts and/or omissions were made, taken or omitted in the good faith and objectively reasonable belief in the legality, propriety and validity of such actions and/or omissions, and that there existed probable cause therefor, and as a result, he is entitled to absolute and/or qualified immunity from suit brought by, and damages claimed by, plaintiff.

53.     Although it is not believed that the plaintiff claims entitlement to damages on

6

account of simple negligence, to the extent that plaintiff's First Amended Complaint can be read to seek damages on account thereof, he avers that he is entitled to sovereign or governmental official immunity with respect to such claims, and as a result, he is entitled immunity from suit brought by, and damages claimed by plaintiff for such simple negligence.

54.    He will rely upon any and all defenses which may be justified by the evidence developed during discovery or at trial, and reserves this right to amend this Answer if necessary.

NEAL A. ROBERTSON

By _____
          Of Counsel

Alan Brody Rashkind, Esquire
Virginia State Bar No. 12658
Jonathan R. Hyslop, Esquire
Virginia State Bar No. 78618
Furniss, Davis, Rashkind and Saunders, PC
6160 Kempsville Circle, Suite 341B
Norfolk, Virginia 23502
Telephone: 757-461-7100
Facsimile: 757-461-0083
Email: arashkind@furnissdavis.com

7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail upon all counsel of record, and known potential counsel of record, on August 26, 2016.

Rhiannon M. Jordan, Esquire
Jeremiah A. Denton III, Esquire
Jeremiah A. Denton, IV, Esquire
477 Viking Drive, Suite 100
Virginia Beach, Virginia 23452-7356
Facsimile: 757-340-4505

Bruce C. Sams, Esquire
Law Office of Bruce C. Sams
208 Plume Street, Suite 210
Norfolk, Virginia 23510
Facsimile: 757-627-4042

8

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK**

**MARIUS XAVIER MITCHELL,**

        Plaintiff,                         Case No.  CL15-1181

    v.                                     <u>**JURY TRIAL DEMANDED**</u>

**NEAL A. ROBERTSON,**

        Defendant.

<u>**FIRST AMENDED COMPLAINT**</u>

COMES NOW the Plaintiff, Marius Xavier Mitchell ("Mitchell"), by counsel, and alleges

as follows against the Defendant, Neal A. Robertson ("Robertson"), in his individual capacity:

<u>Parties</u>

1.     For all purposes relevant to the Complaint and at all material times herein, the

Plaintiff Mitchell is an African American natural person and citizen of the Commonwealth of

Virginia.  Mitchell currently resides in Norfolk, Virginia and has at all times relevant to the

Complaint maintained his residence in that city.

2.     The Defendant Robertson, sued in his individual capacity, is a Caucasian natural

citizen and resident of Virginia Beach, Virginia.  At all times alleged herein, Robertson was an

employee working within the scope of his employment as a duly appointed and acting officer of

the police department of the City of Norfolk, acting under color of law, to wit, under color of the

statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Virginia

and/or the City of Norfolk and with the authority of his office as a City of Norfolk police officer.

1



## Venue, Jurisdiction and Nature of the Action

3.      Venue and personal jurisdiction are proper in Norfolk, Virginia, pursuant to

Virginia Code §§ 8.01-262 and 8.01-328.1, because the causes of action alleged herein arose in

the City of Norfolk, Virginia, and both parties are domiciled in Virginia.

4.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and

1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under

the common law of the Commonwealth of Virginia, against Defendant Robertson, police officer

of the City of Norfolk, in his individual capacity. Although federal jurisdiction is available based

upon 28 U.S.C. §§ 1331 and 1343 and pendent jurisdiction; this Court also exercises jurisdiction

for Plaintiff Mitchell's federal and state law claims. *See Martinez v. California*, 444 U.S. 277

(1980).

5.      It is alleged that Robertson repeatedly shot Mitchell, without legal cause or

excuse, made an unreasonable seizure of the person of Mitchell, violating his rights under the

Fourth and Fourteenth Amendments to the United States Constitution, and alternatively, that

Robertson's grossly negligent actions and false arrest caused injury to Mitchell.

## Facts

6.      At approximately 11:20 a.m. on or about January 29, 2013, Mitchell was the

backseat passenger in a vehicle traveling down Hampton Boulevard in Norfolk.

7.      The vehicle in which Mitchell was riding contained three persons.

8.      Robertson, driving an unmarked police vehicle, began following the vehicle in

which Mitchell was riding.

9.      Robertson continued watching and following the vehicle in which Mitchell was

2

riding with neither reasonable articulable suspicion that a crime had been or would be committed by anyone in that vehicle, nor probable cause to arrest anyone in the vehicle, nor an arrest warrant.

10.     The vehicle in which Mitchell was riding pulled into a 7-Eleven convenience store parking lot at 8312 Hampton Boulevard (located at the corner of Hampton Boulevard and Beechwood Avenue).

11.     Mitchell exited the back left passenger door of the vehicle and walked toward the convenience store door intending to enter same and purchase a drink or snack.

12.     Robertson parked his unmarked police cruiser so as to block in the vehicle in which Mitchell had been riding.

13.     Robertson exited his vehicle, and while standing behind it in such a position as to prevent Mitchell from seeing Robertson's police uniform, and without identifying himself as a policeman, pointed a handgun at Mitchell and yelled at him to get back in the "f...ing" vehicle.

14.     In violation of Mitchell's Fourth Amendment right to be free from unreasonable seizure, Robertson repeatedly ordered Mitchell at gun point to "get the f... back in the vehicle" or similar words while brandishing and threateningly pointing his loaded firearm at Mitchell.

15.     At no time had Robertson either probable cause to arrest Mitchell, nor reasonable articulable suspicion that Mitchell had committed a crime, was about to commit a crime, or had a warrant for his arrest.

16.     Robertson had no reasonable basis or legal cause to detain and seize Mitchell for questioning, to brandish a loaded weapon, to threaten Mitchell, to demand that he get back in the vehicle, or otherwise do as Robertson commanded. Taken from Robertson's perspective, there

3

was absolutely no basis for pointing a handgun at Mitchell, ordering Mitchell back in the automobile, or speaking to Mitchell in unspeakably vulgar threatening tones and terms.

17.     Mitchell had not committed any criminal act; he was not engaged in any criminal activity; he was plainly visible to Robertson; and he was unarmed and posed no physical threat.

18.     Mitchell was in fear of his life.

19.     Mitchell ran from Robertson because he feared Robertson would shoot him.

20.     Robertson pursued Mitchell on foot and both men slipped and fell to the ground after having run approximately 30 yards.

21.     After falling Robertson grabbed Mitchell. But Mitchell freed himself and continued to flee, running back to the parking lot of the 7-Eleven.

22.     Panic stricken, Mitchell got in the open door of Robertson's unmarked police vehicle, unaware that it was Robertson's vehicle.

23.     Robertson then approached and shot Mitchell three times without legal justification and in violation of Mitchell's Fourth Amendment right to freedom from unreasonable seizure and freedom from the use of excessive, unreasonable, and unjustified force against his person. At least one of Robertson's shots was fired while Mitchell had his hands up, was begging for his life, and was repeating the words "Please don't shoot."

24.     After Robertson incapacitated Mitchell with the first shot, he continued to shoot Mitchell, also in violation of Mitchell's constitutional rights, though Mitchell had has hands up and was repeating "Please don't shoot."

25.     When Robertson was shooting Mitchell, no reasonable police officer in Robertson's position could have reasonably concluded that Mitchell or the automobile he was in posed any danger to Robertson or anyone else.

4

26. Neither Robertson's nor anyone else's life (other than Mitchell's) was endangered at any time during the foregoing sequence of events.

27. If Robertson believed that Mitchell, or the vehicle Mitchell was in, ever posed a threat of harm to Robertson or anyone else, Robertson was grossly negligent and unreasonable in forming such belief.

28. Mitchell was not armed with any weapon, or a threat to the safety of himself or others, and he had not committed any criminal offenses.

29. Mitchell did not use the vehicle as a weapon and did not try to strike or otherwise injure Robertson.

30. Robertson was not justified in using deadly force to prevent Mitchell's escape or for any other reason. No reasonable police officer in Robertson's position could have believed that deadly force was necessary to prevent imminent death or great bodily harm to Robertson or another; nor did probable cause exist to support such belief. As a result, the use of deadly force by Robertson was unreasonable, unjustified, and unconstitutional.

31. Robertson's actions, from the time he pointed his gun at Mitchell and told him to get in the "f...ing car" to the time Mitchell got in Robertson's car and was shot by Robertson, were reckless and grossly negligent police misconduct that violated generally accepted standards of decency and morality. The shooting of Mitchell, an unarmed man, is extreme behavior and goes beyond all possible bounds of decency.

32. As a direct and proximate cause of Robertson's unlawful, unconstitutional, reckless and grossly negligent use of excessive force, Mitchell was grievously harmed, permanently injured, and suffered the following injuries and damages:

      a.     violation of his constitutional rights under the Fourth and Fourteenth

Amendments to the United States Constitution to be free from an

unreasonable search and seizure of his person;

b.    severe and permanent injuries and related medical expenses;

c.    physical pain and suffering and emotional trauma and suffering;

d.    medical expenses; and

e.    severe emotional distress.

33.    The actions of the Defendant Robertson violated the following clearly established and well settled federal constitutional rights of Mitchell:

a.    Freedom from the unreasonable seizure of his person;

b.    Freedom from the use of excessive, unreasonable and unjustified force against his person.

34.    Robertson acted with gross negligence, without legal justification or cause, and in violation of Mitchell's constitutional rights by detaining Mitchell, pointing his weapon at Mitchell, pursuing and shooting Mitchell at least three times.

## COUNT I

### Unlawful Seizure and Excessive Force in Violation of Constitutional Rights Under Color of Law, 42 U.S.C. § 1983

35.    Paragraphs 1 through 34 are incorporated into this Count by reference as though fully set forth.

36.    Plaintiff Mitchell claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Robertson for violations of his Fourth and Fourteenth Amendment Constitutional rights against unlawful seizure and excessive force under color of state law, because Robertson's misconduct proximately caused Mitchell to flee; because no reasonable

6

officer in Robertson's position could have believed Mitchell posed a danger to anybody when Robertson repeated shot Mitchell; because Mitchell violated no law in fleeing Robertson; because no police officer in Robertson's position perceiving events as Robertson perceived them could have reasonably believed that his (Robertson's) actions were lawful; because Robertson never had probable cause to believe that Mitchell posed a threat of serious physical harm to himself or others; because it was then sufficiently clear that any reasonable officer would have understood that what Robertson was doing was violating Mitchell's Fourth Amendment right against unlawful seizure; because in light of preexisting law the unlawfulness of Robertson's seizure and arrest of Mitchell and each of Robertson's acts leading to that seizure was apparent to any reasonable officer; because Mitchell had not committed any crime and no reasonable police officer seeing the events from Robertson's perspective at the time could have reasonably believed that Mitchell had committed a crime, because, from the beginning, Mitchell's flight from Robertson was proximately caused by Robertson's own egregious unlawful conduct; and because Mitchell never posed a threat, immediate or otherwise, to the safety of Officer Robertson or anyone else.

37.     Robertson's unlawful conduct directly and proximately caused Mitchell to sustain permanent personal injury, permanent disability, and permanent emotional injury, including injuries to his neck, chest, abdomen, and arms and other damages suffered as aforesaid.

## COUNT II

### Unlawful False Arrest
### in Violation of Constitutional Rights Under Color of Law, 42 U.S.C. § 1983

38.     Paragraphs 1 through 34 are incorporated into this Count by reference as though fully set forth.

39.     Plaintiff Mitchell claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Robertson for violations of his Fourth and Fourteenth Amendment Constitutional rights against unlawful seizure and unlawful arrest under color of state law.

40.     Defendant Robertson illegally arrested Mitchell because Robertson had no probable cause or other justification to arrest or attempt to arrest Mitchell.

41.     No reasonable officer in Robertson's position would have believed he had probable cause to arrest Mitchell.

42.     As a direct proximate result of this false and unlawful arrest, Robertson caused Mitchell to sustain permanent personal injury, permanent disability, and permanent emotional injury, including injuries to his neck, chest, abdomen, and arms and other damages suffered as aforesaid.

## COUNT III

### Gross Negligence

43.     Paragraphs 1 through 34 are incorporated into this Count by reference as though fully set forth.

44.     At all times relevant hereto, Defendant Robertson had a duty to use reasonable care toward Mr. Mitchell.

45.     Defendant Robertson's grossly negligent acts breached this duty of care during the events described above.

46.     Defendant Robertson's conduct showed such indifference to others, including Mitchell, that it constituted an utter disregard of caution amounting to a complete neglect of the safety of another person. Defendant Robertson acted with such indifference that his conduct constituted gross negligence.

47.     As a direct and proximate result of Defendant Robertson's grossly negligent breach of the standard of care, Defendant Robertson caused Mitchell to sustain permanent personal injury, permanent disability, and permanent emotional injury, including injuries to his neck, chest, abdomen, and arms and other damages suffered as aforesaid.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Marius Xavier Mitchell, prays that this Court:

a.      Enter judgment in his favor against the Defendant, Neal A. Robertson, for compensatory damages in the amount of Ten Million Dollars ($10,000,000);

b.      Award costs of this action to the Plaintiff;

c.      Award reasonable attorney's fees and costs to the Plaintiff on Counts I and II of the Amended Complaint;

d.      Award prejudgement and post-judgment interest from January 29, 2013;

e.      Award such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

MARIUS XAVIER MITCHELL

By:_____
              Of Counsel

Jeremiah A. Denton III, Esq.
VSB #19191
Rhiannon M. Jordan, Esq.
VSB #78650
Jeremiah A. Denton IV, Esq.
VSB #83818
Jeremiah A. Denton III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, VA 23452

9

Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
rhiannon@jeremiahdenton.com
jake@jeremiahdenton.com

10

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK**

**MARIUS XAVIER MITCHELL,**

          **Plaintiff,**                                **Case No. CL15-1181**

    **v.**

**NEAL A. ROBERTSON,**

          **Defendant.**

## AGREED ORDER

COMES NOW the plaintiff, Marius Xavier Mitchell, by counsel, THIS MATTER CAME UPON Plaintiff's Motion for Leave to File First Amended Complaint and it appearing that all parties have consented to entry of this Order, it is hereby

ORDERED that Plaintiff is granted leave to file the First Amended Complaint, currently lodged with the Court as Exhibit A to the Motion for Leave to File First Amended Complaint, and it shall be deemed filed as of this date.

ENTERED THIS _____ day of _____, 2016.


_____
JUDGE

I ASK FOR THIS:


_____
Jeremiah A. Denton III, Esq.
VSB #19191
Rhiannon M. Jordan, Esq.
VSB #78650
Jeremiah A. Denton IV, Esq.
VSB #83818
Jeremiah A. Denton III, P.C.

1

477 Viking Drive, Suite 100
Virginia Beach, VA 23452
Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
rhiannon@jeremiahdenton.com
jake@jeremiahdenton.com
*Counsel for Plaintiff*

SEEN AND AGREED TO:

_____

Alan B. Rashkind, Esq.
FURNISS, DAVIS RASHKIND AND SAUNDERS, P.C.
Smithfield Building, Suite 341B
6160 Kempsville Circle
P.O. Box 12525
Norfolk, VA 23502
Telephone: 757-461-7100
Facsimile: 757-461-0083
Email: arashkind@furnissdavis.com
*Counsel for Defendant*

2

Received On ___ /2016 Circuit Court Clerk's Office Norfolk, VA George L ___haefer, Clerk

Form 3        Scheduling Order for Civil Actions Not
              Referred to a Commissioner in Chancery

## VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

Marius Xavier Mitchell
                                    ,
                          **Plaintiff,**

v.                                  **Civil No.: CL 15-1181_____**
                                    **Juvenile No.: CJ_____**

Neal A. Robertson          ,
                          **Defendant.**

## SCHEDULING ORDER

Pursuant to Local Rule 2 of this court, IT IS ORDERED:

1. Trial shall commence on ___January 18___, 20 17_ at 9:30 a.m.; provided, however, that if trial is by jury, counsel shall appear before the trial judge at 9:00 a.m. that day to review *voir dire* questions.   A continuance will only be granted by the Court for good cause.  Good cause shall **NOT** normally include those reasons  stated in the Court's written civil continuance policy.

2. Trial shall be by jury/judge.  The estimated length of the trial is __2____ day(s).

3. All discovery shall be completed thirty days before  trial .
**"Completed"** means that (1) interrogatories and requests for production or admission must be served so that responses thereto will be due on or before the cut-off date, (2) all depositions upon written questions or oral examination, excluding de bene esse, be completed by the cut-off date, and (3) motions to compel shall be heard before the cut-off date.  A de bene esse deposition may be taken up to fifteen days before trial.   Except for the taking of depositions upon oral examination, these cut-off dates may not be extended by agreement of counsel.  Any discovery motion filed shall contain a certification that counsel has made a good faith effort to resolve the matters in controversy with opposing counsel. No provision of this order supersedes any provision of Part Four of the Rules of the Supreme Court of Virginia.

4. If requested in discovery, counsel for plaintiff shall identify expert witnesses ninety days before trial, and rebuttal experts and opinions forty-five days before trial.  If requested in discovery, counsel for defendant shall identify all expert witnesses sixty days before trial. Identification shall set out all information discoverable under Rule 4:1(b)(4)(A)(I) of the Rules of the Supreme Court of Virginia; except as provided in paragraph 5, no separate document need be filed identifying an expert so identified in discovery.  An expert will not

To Verify The Digital Signature, visit https://eisweb.courts.state.va.us/CalvActkmain (Document ID:710-29645)

ordinarily be allowed to testify at trial about any non-disclosed opinion. The foregoing deadlines shall not relieve a party from responding to discovery requests within the times set forth in Part Four of the Rules of the Supreme Court of Virginia.

5. Counsel shall exchange a list of exhibits and witnesses fifteen days before trial. A list of exhibits and witnesses shall be filed with the Clerk of Court simultaneously therewith but the exhibits shall not then be filed. Exhibits shall be listed individually; for example, "all medical records" will not suffice. Except in rebuttal, sur-rebuttal, or impeachment, any exhibit not so identified and filed will not ordinarily be admitted into evidence, and any witness not so identified and filed will not ordinarily be allowed to testify.

6. Any objections to exhibits (except on relevancy grounds) or witnesses shall be filed five days before trial and argued no later than the day before trial. Failure to file the objection by this date shall be deemed a waiver of objection. Any objections to depositions of non-party witnesses, motions *in limine*, or other pre-trial motions (except those described in paragraph 9) requiring more than five minutes of argument shall be argued before the day of trial.

7. Upon request of either counsel or the Court a final pre-trial conference shall be held no later than the day before trial.

8. Proposed jury instructions shall be given to opposing counsel two days before trial. At the beginning of trial, counsel shall give the judge the originals of all agreed instructions and copies of all contested instructions with the appropriate citations.

9. Any motion for summary judgment or other dispositive motion should be filed and argued as long before trial as practical.

10. Upon the taking of a non-suit or settlement of the case, counsel shall notify the Clerk as provided in local rule 2(A)(6).

11. The time limits and prohibitions in this order may be waived or modified by the Court for good cause shown.

ENTER: _____, 20____

_Mary Jane Hall_   Mary Jane Hall, Judge
May 12 2016 5:22 PM
_____
Judge

We ask for this:

_____ ,p.q.

_____ , p.d.

(Rev. 1/10)

_Tracey Staples_   Tracey Staples, Deputy Clerk
Copy Teste: Authorized to sign on
behalf of George E. Schaefer, Clerk
May 19 2016 12:30 PM

**SUBPOENA FOR WITNESS (CIVIL) -**          Case No.: CL15-1181

**ATTORNEY ISSUED** VA CODE §§ 8.01-407, 16.1-265; Supreme Court Rules 1:4, 4:5
Commonwealth of Virginia

<u>May 11, 2016 at 9:30 a.m.</u>
DATE AND TIME

Norfolk Circuit Court
150 St. Paul's Blvd., 7th Floor
Norfolk, VA 23510

<u>Style of Case</u>
Marius Xavier Mitchell v. Neal A. Robertson, *et al.*

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**
You are commanded to summon:

**Ms. Latequa Gray**
**709 Mariners Way, Apt. A**
**Norfolk, VA 23503**

**TO the person summoned:** You are commanded to appear

    ☒     In the office of Jeremiah Denton III, P.C., 477 Viking Drive, Suite 100, Virginia Beach,
          Virginia 23452

on **May 11, 2016 at 9:30 a.m.** to testify in the above-named case.

This Subpoena is issued by the attorney for and on behalf of
Marius Xavier Mitchell, plaintiff

Rhiannon M. Jordan, Esq.
Jeremiah A. Denton III, P.C.             VSB#: 78650
477 Viking Drive, Suite 100          Phone: (757) 340-3232
Virginia Beach, Virginia 23452       Fax: (757) 340-4505

<u>  March 30, 2016  </u>
DATE ISSUED                       SIGNATURE OF ATTORNEY

**Notice to Recipient:** See page two for further information.

---

**RETURN OF SERVICE** (see page two of this form)

**TO the person summoned:**
If you are served with this subpoena less than 5 calendar days before your appearance is required, the court may, after considering all of the circumstances, refuse to enforce the subpoena for lack of adequate notice. If you are served with this subpoena less than 5 calendars days before your appearance is required, you may wish to contact the attorney who issued this subpoena and the clerk of the court.

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of the court.

NAME:......................................................................................

ADDRESS:..................................................................................

...............................................................................
\_\_ PERSONAL SERVICE
                          Tel. No. ...............................................................

Being unable to make personal service, a copy was delivered in the following manner:

\_\_      Delivered to family member (not temporary sojourner or guest) age 16 or older at
        usual place of abode of party named above after giving information of its purport.
        List name, age of recipient, and relation of recipient to party named above:

        .....................................................................
        .....................................................................
\_\_      Posted on front door or such other door as appear to be the main entrance of usual
        place of abode, address listed above. (Other authorized recipient not found.)
        _____ not found
        ..................................................., Sheriff

...................  by ..............................................., Deputy Sheriff

## CERTIFICATE OF COUNSEL

        I, Rhiannon M. Jordan, counsel for the plaintiff, hereby certify that a copy of the foregoing subpoena for witness was mailed to Alan B. Rashkind, Esq., FURNISS, DAVIS RASHKIND AND SAUNDERS, P.C., Smithfield Building, Suite 341B, 6160 Kempsville Circle, P.O. Box 12525, Norfolk, VA 23502, and Wayne Ringer, Esq., Chief Deputy City Attorney, City Attorney's Office, 810 Union Street, 900 City Hall Building, Norfolk, VA 23510 on the 30th day of March 20016.

                                        Rhiannon M. Jordan

2

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK**

**MARIUS XAVIER MITCHELL,**

                **Plaintiff,**                            **Case No. CL15-1181**

    **v.**

**NEAL A. ROBERTSON,**

**and**

**CITY OF NORFOLK, VIRGINIA and**
**ITS POLICE DEPARTMENT,**

                **Defendants.**

## NOTICE TO TAKE DEPOSITION

      TAKE NOTICE that on **Wednesday, May 11, 2016 at 9:30 a.m.**, in the offices of

Jeremiah A. Denton III, P.C., 477 Viking Drive, Suite 100, Virginia Beach, Virginia 23452, the

video taped *de bene esse* deposition of Latequa Gray will be taken before a notary or court

reporter, on behalf of the plaintiff, to be read into evidence in the above-styled action. The taking

of said deposition will be continued from time to time as necessary, until completed.

                Respectfully Submitted,

                MARIUS XAVIER MITCHELL

                By: _____
                        Of Counsel

Jeremiah A. Denton III, Esq., VSB #19191
Rhiannon M. Jordan, Esq., VSB #78650
Jeremiah A. Denton IV, Esq., VSB #83818
Jeremiah A. Denton III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, VA 23452

Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
rhiannon@jeremiahdenton.com
jake@jeremiahdenton.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2016, a true copy of the foregoing document was mailed to:

Alan B. Rashkind, Esq.
FURNISS, DAVIS RASHKIND AND SAUNDERS, P.C.
Smithfield Building, Suite 341B
6160 Kempsville Circle
P.O. Box 12525
Norfolk, VA 23502
Telephone: 757-461-7100
Facsimile: 757-461-0083
Email: arashkind@furnissdavis.com
*Counsel for Defendant, Neal A. Robertson*

Wayne Ringer, Esq.
Chief Deputy City Attorney
City Attorney's Office
810 Union Street
900 City Hall Building
Norfolk, VA 23510
Telephone: 757-664-4529
Facsimile: 757-664-4201
Email: wayne.ringer@norfolk.gov
*Counsel for Defendant, City of Norfolk*

Rhiannon M. Jordan

2

Received O /2016 Circuit Court Clerk's Office Norfolk, VA George chaefer, Clerk

## VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

**MARIUS XAVIER MITCHELL,**

        **Plaintiff,**                    **Case No. CL15-1181**

    **v.**

**NEAL A. ROBERTSON,**

**and**

**CITY OF NORFOLK, VIRGINIA and
ITS POLICE DEPARTMENT,**

        **Defendants.**

## <u>ORDER OF NONSUIT</u>

        CAME THIS DAY, the plaintiff, Marius Xavier Mitchell, by counsel, for the entry of a

nonsuit order as a matter of right against the defendant City of Norfolk, Virginia and its Police

Department, pursuant to § 8.01-380 of the Code of Virginia, 1950, as amended, no prior nonsuit

having been taken and for good cause shown, it is;

        ORDERED that all causes of action asserted in any claims, asserted by Marius Xavier

Mitchell against the defendant City of Norfolk, Virginia and its Police Department is hereby

nonsuited without prejudice. The plaintiff shall have leave to refile this action should they be so

advised.

        ENTERED THIS _____ day of _____, 2016.

                          *Joseph A. Migliozzi*   Joseph A. Migliozzi, Jr, Judge
                                     Apr 6 2016 3:02 PM

        **JUDGE**

1

I ASK FOR THIS:


Jeremiah A. Denton III, Esq.
VSB #19191
Rhiannon M. Jordan, Esq.
VSB #78650
Jeremiah A. Denton IV, Esq.
VSB #83818
Jeremiah A. Denton III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, VA 23452
Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
rhiannon@jeremiahdenton.com
jake@jeremiahdenton.com
*Counsel for Plaintiff*


SEEN AND AGREED TO:


Wayne Ringer, Esq.
Chief Deputy City Attorney
City Attorney's Office
810 Union Street
900 City Hall Building
Norfolk, VA 23510
Telephone: 757-664-4529
Facsimile: 757-664-4201
Email: wayne.ringer@norfolk.gov
*Counsel for Defendant, City of Norfolk*

2

CL15-1181
Order of Nonsuit as to City, Police Department

SEEN ~~AND~~ _____ : ABR

Alan B. Rashkind, Esq.
FURNISS, DAVIS RASHKIND AND SAUNDERS, P.C.
Smithfield Building, Suite 341B
6160 Kempsville Circle
P.O. Box 12525
Norfolk, VA 23502
Telephone: 757-461-7100
Facsimile: 757-461-0083
Email: arashkind@furnissdavis.com
*Counsel for Defendant, Neal A. Robertson*

3

APR 0 4 2016

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK**

**MARIUS XAVIER MITCHELL,**

                **Plaintiff,**                                   **Case No. CL15-1181**

      **v.**

**NEAL A. ROBERTSON,**

**and**

**CITY OF NORFOLK, VIRGINIA and
ITS POLICE DEPARTMENT,**

                **Defendants.**

## MOTION FOR ORDER OF NONSUIT

COMES NOW the plaintiff, Marius Xavier Mitchell, pursuant to Virginia Code § 8.01-380, by counsel, moves this Honorable Court for an Order Non-Suiting the above matter against the defendant City of Norfolk, Virginia and its Police Department, stating as follows in support of his motion:

1.     There has been no previous nonsuit in this action; and

2.     Plaintiff desires to nonsuit his pending claims against Defendant City of Norfolk, Virginia and its Police Department only.  All claims against Defendant, Neal A. Robertson, remain.

3.     Although Plaintiff moves by right for the first nonsuit in this action, Defendant City of Norfolk, Virginia and its Police Department does not object to Plaintiff's Motion for Order of Nonsuit.

Alan B. Rashkind, Esq.
FURNISS, DAVIS RASHKIND AND SAUNDERS, P.C.
Smithfield Building, Suite 341B
6160 Kempsville Circle
P.O. Box 12525
Norfolk, VA 23502
Telephone: 757-461-7100
Facsimile: 757-461-0083
Email: arashkind@furnissdavis.com
*Counsel for Defendant, Neal A. Robertson*

Rhiannon M. Jordan

3

Received On 3/21/016 Circuit Court Clerk's Office Norfolk, VA George F. Schaefer, Clerk

# VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

## MARIUS MITCHELL,

v.                                                          Civil No.: CL 15-1181

## NEAL ROBERTSON, ET AL,

**TO:**
**JEREMIAH DENTON III, ESQUIRE**
rhiannon@jeremiahdenton.com

**ALAN RASHKIND, ESQUIRE**
lbeecham@furnissdavis.com

**WAYNE RINGER, ESQUIRE**
wayne.ringer@norfolk.gov

## ORDER TO ATTEND SCHEDULING CONFERENCE

It appearing to the Court that there has been no scheduling order submitted in this case as required by Local Rule 2(A)(3), you are notified that the Court has set a scheduling conference for **Friday, May 13, 2016, at 2:30p.m.**, for entry of a scheduling order. Attendance of **all counsel** and any *pro se* party is mandatory unless an endorsed scheduling order is filed before that time. If a scheduling order is not so filed and counsel for the plaintiff (or the plaintiff, if pro se) fails to appear at the conference the case will be dismissed without prejudice.

THE CLERK'S OFFICE WILL NOT SET A TRIAL DATE IN THIS CASE AFTER 12:00 NOON ON THE THURSDAY BEFORE THE DAY OF THE SCHEDULING CONFERENCE.

ENTER:  _Everett Martin_ ,     Everett A. Martin, Jr., Judge
                                              Mar 21 2016 4:05 PM

_Janice J. O'Hern_
Janice O'Hern, Deputy Clerk
COPY TESTE: Authorized to sign on
behalf of George E. Schaefer, Clerk
Mar 21 2016 4:12 PM

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

MARIUS XAVIER MITCHELL,

       Plaintiff,

v.                              CASE NO. CL15-1181

NEAL A. ROBERTSON and
CITY OF NORFOLK, VIRGINIA and
ITS POLICE DEPARTMENT,

       Defendants.

## ANSWER

Now comes the defendant, Neal A. Robertson, by counsel, and for his Answer to the Complaint exhibited against him, states as follows:

1.     He denies the material allegations of paragraph 1 of the Complaint insofar as they allege any wrongful conduct on his part, and avers instead that the plaintiff was shot on January 29, 2013, when plaintiff attempted to drive away with defendant's police vehicle under circumstances threatening serious bodily injury or death to defendant.

2.     In response to the allegations of paragraph 2 of the Complaint, he admits only that on July 29, 2013, he was employed by the City of Norfolk, as a police officer, and was acting in the course and scope of his duties as a Norfolk Police Officer. In response to the remaining allegations of paragraph 2 of the Complaint, those allegations are assertions of legal capacity, and no response is required from this defendant.

3.     In response to the allegations of paragraph 3 of the Complaint, he admits only that he shot plaintiff on that date to prevent plaintiff from dragging and injuring or killing him, or running over him and injuring or killing him, with the police car in which the plaintiff was attempting to flee.

4.      Without affirming the accuracy of the legal citations of authority, he admits so much of the allegations of paragraph 4 of the Complaint as assert that this Court has jurisdiction, and that venue is proper in the Norfolk Circuit Court, as alleged in paragraph 4 of the Complaint.

5.      He admits the allegations of paragraph 5 of the Complaint.

6.      He admits the allegations of paragraph 6 of the Complaint.

7.      He denies the allegations of paragraph 7 of the Complaint.

8.      He denies the allegations of paragraph 8 of the Complaint.

9.      He denies the allegations of paragraph 9 of the Complaint.

10.     He denies the allegations of paragraph 10 of the Complaint as worded, except that he admits that plaintiff did not get back in the vehicle and instead fled.

11.     He denies the allegations of paragraph 11 of the Complaint as worded.

12.     In response to the allegations of paragraph 12 of the Complaint, he admits that the plaintiff fled defendant Robertson, who was dressed in his police uniform.

13.     He admits the allegations of paragraph 13 of the Complaint.

14.     He denies the allegations of paragraph 14 of the Complaint, and avers instead that plaintiff knew defendant was a police officer.

15.     He admits the allegations of paragraph 15 of the Complaint.

16.     He denies the allegations of paragraph 16 of the Complaint as worded, but does admit that he grabbed Mr. Mitchell in an unsuccessful attempt to stop him from driving off in his police car.

17.     He denies the allegations of paragraph 17 of the Complaint.

18.     In response to the allegations of paragraph 18 of the Complaint, he admits

2

only that he shot Mr. Mitchell in an attempt to prevent Mr. Mitchell from doing serious bodily harm to him or killing him by dragging him off and/or into traffic while he was hanging from the police car Mr. Mitchell was in the process of using to drive off in and flee.

19.    He denies the allegations of paragraph 19 of the Complaint as worded; Mitchell was using the vehicle he was in the process of driving off as a weapon, and only raised his arm or arms after he had been shot.

20.    He denies the allegations of paragraph 20 of the Complaint as worded, although he admits that he shot Mitchell at close range.

21.    He denies the allegations of paragraph 21 of the Complaint.

22.    He denies the allegations of paragraph 22 of the Complaint.

23.    He denies the allegations of paragraph 23 of the Complaint as worded; he admits that he had one arm in the door of his police vehicle as Mr. Mitchell accelerated in an attempt to drive away in the vehicle as he (defendant) was hanging from it.

24.    He denies the allegations of paragraph 24 of the Complaint.

25.    He denies the allegations of paragraph 25 of the Complaint.

26.    The allegations of paragraph 26 of the Complaint are conclusions of law, rather than statements of fact, and require no response from this defendant; to the extent that the allegations of paragraph 26 of the Complaint require a response, those allegations are denied as worded, as they are not an accurate or complete description of the law applicable to the facts.

27.    The allegations of paragraph 27 of the Complaint are denied as worded; he was in uniform and the lights and siren of his unmarked police vehicle had been activated.

28.    He denies the allegations of paragraph 28 of the Complaint.

3

29.     He denies the allegations of paragraph 29 of the Complaint.

30.     He denies the allegations of paragraph 30 of the Complaint.

31.     While he does not deny so much of the allegations of paragraph 31 of the Complaint as assert that plaintiff received gunshot wounds, and he is not advised as to the precise nature and extent of whatever injuries plaintiff received as a result thereof, he denies that the gunshot wounds or injuries were the direct or proximate cause of any use of excessive force on his part, and he denies the use of excessive force.

32.     In response to the allegations of paragraph 32 of the Complaint, he incorporates by reference all the paragraphs of this Answer.

33.     The allegations of paragraph 33 of the Complaint are legal conclusions, not assertions of fact, and thus no response is required by this defendant.  To the extent that a response is required, he denies that this paragraph accurately or completely describes the legal duties at issue.

34.     He denies the allegations of paragraph 34 of the Complaint, and further avers that he is immune from claims of negligence, because of the doctrine of sovereign or governmental immunity.

35.     He denies the allegations of paragraph 35 of the Complaint.

36.     In response to the allegations of paragraph 36 of the Complaint, he is not advised as to the precise nature and extent of the injuries and damages allegedly sustained by plaintiff, but he denies any negligence or gross negligence on his part directly or proximately resulting in such injuries or damages as plaintiff alleges in paragraph 36 of the Complaint.

37.     In response to the allegations of paragraph 37 of the Complaint, he

4

incorporates by reference all paragraphs of his Answer.

38.     He denies the allegations of paragraph 38 of the Complaint.

39.     He is not advised as to the precise nature and extent of the injuries and damages claimed by plaintiff, but he denies that such injuries or damages as exist were the direct or proximate result of any wrongful act or omission on his part, all as alleged in paragraph 39 of the Complaint.

40.     He is not advised as to the precise nature and extent of the injuries and damages allegedly sustained or complained of by plaintiff in paragraph 40 of the Complaint, and neither admits nor denies the same, but rather calls for the strict proof thereof, but denies that such injuries and damages as were sustained were the direct or proximate result of any wrongful conduct, act or omission on his part.

41.     He is not advised as to the precise nature and extent of the injuries and damages allegedly sustained or complained of by plaintiff in paragraph 41 of the Complaint, and neither admits nor denies the same, but rather calls for the strict proof thereof, but denies that such injuries and damages as were sustained were the direct or proximate result of any wrongful conduct, act or omission on his part.

42.     He denies the allegations of paragraph 42 of the Complaint.

43.     To the extent the foregoing has not addressed each allegation and paragraph of the Complaint requiring a response, each such unaddressed allegation and paragraph is denied.

44.     He denies being indebted to the plaintiff in any sum, for any reason.

45.     He avers that, as to claims of negligence, he is protected by the doctrine of sovereign or governmental immunity, and so much of the Complaint as alleges negligence

5

fails to state a cause of action upon which relief may be granted to the plaintiff against this defendant.

46.    To the extent that the plaintiff alleges that the defendant is liable to him for gross negligence, which this defendant denies, he avers that plaintiff was himself negligent and/or engaged in criminal conduct which bars any recovery by plaintiff against this defendant.

47.    He avers that all of his actions, and any omissions attributed to him, were acts or omissions taken in the objectively reasonable and good faith belief in the propriety, lawfulness and validity of such acts and omissions, if any, and as a result thereof, recovery against him in favor of the plaintiff is barred.

48.    He will rely upon any and all defenses which may arise between now and the time of trial, or which may be justified by the evidence upon trial, and he reserves the right to amend his Answer, if necessary.

NEAL A. ROBERTSON

By _____
            Of Counsel

Alan Brody Rashkind, Esquire
Virginia State Bar No. 12658
Furniss, Davis, Rashkind and Saunders, PC
6160 Kempsville Circle, Suite 341B
Norfolk, Virginia 23502
Telephone: 757-461-7100
Facsimile: 757-461-0083
Email: arashkind@furnissdavis.com

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail upon all counsel of record on February 22, 2016.

Rhiannon M. Jordan, Esquire
Jeremiah A. Denton III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, Virginia 23452-7356
Facsimile: 757-340-4505

Wayne Ringer, Esquire
Office of the City Attorney
810 Union Street, Room 900
Norfolk, Virginia 23510

7

VIRGINIA:   IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

MARIUS MITCHELL,

      Plaintiff,

v.                                          Case No. CL15-1181

CITY OF NORFOLK

and

POLICE OFFICER ROBERTSON,

      Defendant.

## SPECIAL PLEA OF GOVERNMENTAL IMMUNITY

Defendant the City of Norfolk, by counsel, asserts this special plea of governmental immunity, stating in support of same as follows:

1.    Plaintiff alleges torts committed upon her by defendant Robertson.

2.    Plaintiff alleges that defendant Robertson committed these torts upon her in the scope of his employment as a police officer employed by the City of Norfolk.

3.    No such action may be maintained against the City of Norfolk for torts arising out of performance of public safety, and specifically police activities, for which the City enjoys governmental immunity.  See, Niese v. City of Alexandria, 264 Va. 230, 564 S.E.2d 127 (2002).

4.    Moreover, even if the plaintiff could proceed against the City, the City is immune to claims for punitive damages. City of Newport News v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

5.    The City further notes that plaintiff purports to sue the Norfolk Police Department, which is not an entity capable of suing or being sued, it being a department of the City of Norfolk, so that a suit against the Police Department is a suit against the City, and so that the same immunities as stated above apply to any claim against the Police Department as well.

WHEREFORE, defendant the City of Norfolk prays that this action be dismissed with prejudice as to it.

CITY OF NORFOLK

By _____
         Wayne Ringer
    Chief Deputy City Attorney

Wayne Ringer
Chief Deputy City Attorney
Virginia Bar Number 20141
City Attorney's Office
810 Union Street
900 City Hall Building
Norfolk, Virginia 23510
Counsel for defendant, City of Norfolk

2

**CERTIFICATE**

    I hereby certify that on the 2nd day of February, 2016, a true copy of the foregoing was mailed to Rhiannon M. Jordan, Esq., 477 Viking Drive, Virginia Beach, Virginia 23452, counsel for plaintiff

                                   Wayne Ringer
                      Chief Deputy City Attorney

# COMMONWEALTH OF VIRGINIA



NORFOLK CIRCUIT COURT
Civil Division
150 ST. PAUL'S BLVD. 7TH FLOOR
NORFOLK VA 23510
(757) 664-4580

Summons

To: <u>BERNARD A PISHKO ESQ</u>
   <u>NORFOLK CITY ATTORNEY</u>
   <u>810 UNION ST</u>
   <u>SUITE 508</u>
   <u>NORFOLK VA 23510</u>

Case No. 710CL15001181-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, January 13, 2016

Clerk of Court: GEORGE E. SCHAEFER III

by _____
                    (CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:   JORDAN, RHIANNON M
                   757-340-3232

VIRGINIA:

### IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

MARIUS XAVIER MITCHELL,

      Plaintiff,

v.

                                 Civil Action No.: CL15- 118 .

NEAL A. ROBERTSON,                Plaintiff demands a jury trial

SERVE:
Police Operations Center
3661 E. Virginia Beach Boulevard
Norfolk, VA 23502

and

CITY OF NORFOLK, VIRGINIA and
ITS POLICE DEPARTMENT,

SERVE:
Marcus D. Jones        Bernard A. Pishko, Esq.
City Manager               Norfolk City Attorney
Norfolk City Hall          810 Union Street, Suite 508
810 Union Street          Norfolk, VA 23510
Norfolk, VA 23510

      Defendants.

## COMPLAINT

COMES NOW the plaintiff, Marius Xavier Mitchell, by counsel, and for his cause of action against the Defendants Neal A. Robertson and City of Norfolk, states as follows:

1. This civil action arises out of an incident that occurred on January 29, 2013, when Defendant Neal A. Robertson, a Norfolk police officer (hereinafter "Robertson"), shot Marius Xavier Mitchell (hereinafter "Mr. Mitchell") five times in the upper body. Defendant Officer Robertson approached Mr. Mitchell and his two compatriots as they were getting out of their

automobile in a convenience store parking lot in the City of Norfolk. When Mr. Mitchell did not immediately comply with the undercover Officer Robertson' demands, Defendant Robertson drew and pointed his firearm and Mr. Mitchell ran. Mr. Mitchell then jumped into Defendant Robertson's unmarked police vehicle. As the car slowly rolled, Defendant Robertson fired at Mr. Mitchell and continued to fire at him. Mr. Mitchell was unarmed and was grievously wounded.

## PARTIES AND VENUE

2.      At all times relevant hereto, Defendant Robertson was employed by the City of Norfolk Police Department as a police officer and was acting in his capacity as an officer of the Norfolk Police Department.  Plaintiff sues Defendant Officer Robertson in his individual capacity and as an employee of the City of Norfolk.

3.      Defendant Robertson shot Mr. Mitchell at or near the 7-11 parking lot at 8312 Hampton Boulevard in the City of Norfolk, Virginia.

4.      This court has venue and jurisdiction over this action pursuant to § 8.01-262 and  § 8.01-328.1 of the Code of Virginia (1950, as amended).

## FACTUAL ALLEGATIONS

5.      On or about the 29th day of January, 2013, Mr. Mitchell was riding in the backseat of a car.

6.      Defendant Robertson, driving an unmarked police car, followed the car in which Mr. Mitchell was riding into the 7-11 parking lot at 8312.Hampton Boulevard.

7.      Defendant Robertson, without reasonable articulable suspicion, blocked the other vehicle in and aggressively demanded all of the occupants to get back in the vehicle.

8.      Defendant Robertson was in plain clothes.

9.      Mr. Mitchell had not committed any criminal act, he was not engaged in any criminal

activity, he was plainly visible to Defendant Robertson, he was unarmed and posed no physical threat.

10.     Mr. Mitchell did not comply with Defendant Robertson's command to "get the f___ back in the vehicle" or words to that effect.

11.     Defendant Robertson then brandished his 9 mm firearm and pointed it at Mr. Mitchell.

12.     Mr. Mitchell then ran away from Defendant Robertson, running behind the neighboring McDonald's.

13.     Defendant Robertson chased after him.

14.     At no point did Defendant Robertson identify himself as a police officer.

15.     Mr. Mitchell ran around the McDonald's and then jumped into the open door of Defendant Robertson's vehicle.

16.     Defendant Robertson grabbed Mr. Mitchell and attempted to violently pull him from the car.

17.     The car rolled forward slowly.

18.     Defendant Robertson pulled out his firearm and shot Mr. Mitchell in the neck.

19.     Mr. Mitchell had his arms up and was unarmed.

20.     Defendant Robertson shot Mr. Mitchell a total of five times at close range.

21.     At all times relevant hereto, Defendant Robertson did not have probable cause to arrest Mr. Mitchell nor did he have a reasonable suspicion that a crime had been committed or that a crime was about to be committed by Mr. Mitchell. As a result, Defendant Robertson had no basis to detain Mr. Mitchell for questioning or to demand that he remain there and do as he said.

22.     When Mr. Mitchell attempted to get away from Defendant Robertson, he did not use the vehicle as a weapon and did not try to strike or otherwise injure Defendant Robertson.

23.    Defendant Robertson had one arm in the door of the car and the other on his gun when Mr. Mitchell and the car began to roll.

24.    When Defendant Robertson drew his weapon and fired, Mr. Mitchell was not endangering his life or his person, nor was he endangering or threatening the life and safety of any other person.

25.    Defendant Robertson continued to shoot Mr. Mitchell after he had put up his hands.

26.    As a citizen of the United States and a resident of the Commonwealth of Virginia, Mr. Mitchell acted lawfully and within his rights when and if he declined to speak or respond to Defendant Robertson.

27.    Defendant Robertson was not in uniform, by his own admission cannot remember if he ever identified himself as a police officer, and was operating an unmarked police car.

28.    Defendant Robertson escalated the situation without justification when he pointed his firearm at Mr. Mitchell.

29.    Defendant Robertson later unjustifiably shot Mr. Mitchell.

30.    Defendant Robertson violated his training and failed to follow the customs, policies and procedures of the Norfolk Police Department and the laws of the Commonwealth of Virginia regarding the use of deadly force by a law enforcement officer.

31.    As a direct and proximate result of this deliberate and cruel use of excessive force by Defendant Robertson, Mr. Mitchell suffered gunshot wounds causing him grievous bodily harm and causing the damages described below.

## COUNT ONE
## CLAIM FOR NEGLIGENCE

32.    The allegations of Paragraphs 1 – 31 are incorporated herein.

33.    At all times relevant hereto, Defendant Robertson had a duty to use reasonable care

toward Mr. Mitchell.

34.     Defendant Robertson breached this duty of care during the events described above and was therefore negligent.

35.     Defendant Robertson's conduct showed such indifference to others, including Mr. Mitchell, that it constituted an utter disregard of caution amounting to a complete neglect of the safety of another person. Defendant Robertson acted with such indifference that his conduct constituted gross negligence.

36.     As a direct and proximate result of Defendant Robertson's negligent and grossly negligent breach of the standard of care, Defendant Robertson caused Mr. Mitchell's injuries to his neck, chest, abdomen and arms and the damages suffered by Mr. Mitchell.

### COUNT TWO – IN THE ALTERNATIVE
### CLAIM FOR BATTERY

37.     The allegations in Paragraphs 1 – 36 are incorporated herein.

38.     In the alternative, Defendant Robertson, without just cause or provocation, committed multiple counts of battery upon Mr. Mitchell by shooting him multiple times without just cause or excuse, using excessive force.

39.     As a direct and proximate result of Defendant Robertson's battery upon Mr. Mitchell, Defendant Robertson caused Mr. Mitchell's grievous bodily injuries and the damages described below.

### DAMAGES

40.     As a direct and proximate of Defendant Robertson's conduct as described above, Mr. Mitchell suffered grievous bodily injuries.

41.     As a direct and proximate of Defendant Robertson's conduct as described above, Mr. Mitchell suffered severe mental and emotional anguish as well as pain and suffering.

42.    Defendant Robertson's actions constituted willful and wanton misconduct, and accordingly, Plaintiff requests punitive damages in the amount of $350,000.00 against Defendant Robertson in order to deter any such violent conduct in the future and to set an example in this community against such behavior; $350,000.00 being the maximum amount currently allowable by the law in the Commonwealth of Virginia for punitive damages.

WHEREFORE, Plaintiff Marius Xavier Mitchell, by counsel, demands judgment against Defendant Neal A. Robertson in the amount of ONE MILLION SIX HUNDRED FIFTY THOUSAND DOLLARS ($1,650,000.00) as compensatory damages and THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) as punitive damages, together with Plaintiff's costs incurred herein and interest from January 29, 2013.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

MARIUS XAVIER MITCHELL

By: _____
                    Counsel

Moody E. Stallings, Jr.
Virginia State Bar #16985
2101 Parks Avenue
Suite 801
Virginia Beach, Va 23451
757-422-4700
757-422-3320 (fax)
*Counsel for Plaintiff*

Docket No. 7109 15 00 118 1-00    Court: Mobile Circuit Court

Reviewing Lawyer's Initials: BM    Date Seen: 1/14/16   Time: 10:30 am

IF IMMEDIATE ACTION NEEDED
(Other than responsive pleadings within 20 – 21 days)?

Yes _____   No __X__

If Yes, (1) What action? _____

(2) Will you handle immediate action?  Yes _____   No _____

(3) If not, to whom given? _____

Date: _____   Time: _____

Date responsive pleadings are due has been noted by me. Yes: ✓ 3

Suit Number Assigned: 14-342WR Responsive Pleadings Due: 2/4/16

| Name List | Pleadings/Orders | Services | Main Menu | Logoff |

## Norfolk Circuit - Civil Division
### Case Details

| Case Number:<br>CL15001181-00 | Filed:<br>01/28/15 |
|---|---|
| Filing Type:<br>General Tort Liability | Filing Fee Paid<br>Yes |
| Number of Plaintiffs:<br>0001 | Number of Defendants:<br>0002 |
| Commenced By:<br>Initial Filing | |
| Bond: | Complex Case: |

If there are more than three plaintiffs or defendants as indicated under "Number of Plaintiffs" or "Number of Defendants" in the table above, please contact the court for the additional party information.

### Plaintiffs

Plaintiff: **MITCHELL, MARIUS XAVIER**
Trading as:
Attorney: PRO SE

### Defendants

Defendant1: **ROBERTSON, NEAL A**
Trading as:
Attorney:

Defendant2: **CITY OF NORF VA & ITS POLICE D**
Trading as:
Attorney:

### Hearings

Virginia Courts Case Information System

Page 2 of 2

| # | Date | Time | Type | Room | Duration | Jury | Result |
|---|------|------|------|------|----------|------|--------|
| 1 | 07/21/15 | 9:00AM | Withdraw Counsel | 4A | | | |
| 2 | 02/19/16 | 9:00AM | Dismiss | | | | |

**Date Ordered To Mediation:**

**Final Disposition**

- **Judgment:**
- **Final Order Date:**
- **Appealed Date:**
- **Concluded By:**

| Name List | Pleadings/Orders | Services | Main Menu | Logoff |

Build #: 3.6.32.7

Return to Case    Main Menu    Logoff

### Norfolk Circuit - Civil Division
#### Service Details

**Case Number:** CL15001181-00

| Name | Number | Type | Hear Date | Date Served | How Served |
|------|--------|------|-----------|-------------|------------|
| ROBERTSON, NEAL A | 5 | Complaint | | | |
| ROBERTSON, NEAL A | 4 | Complaint | | | |
| PISHKO, BERNARD A; ESQ | 3 | Complaint | | 01/14/16 | Business |
| MARCUS D JONES | 2 | Complaint | | | |
| ROBERTSON, NEAL A | 1 | Complaint | | 01/14/16 | Business |

Return to Case    Main Menu    Logoff

Build #: 3.6.32.7

RECEIVED
MAR 1 6 2016
BY:_____

*No More General Records*

SUBPOENA DUCES TECUM (CIVIL) -
ATTORNEY ISSUED   VA. CODE §§8.01-413, 16.1-89, 16.1-265;
Commonwealth of Virginia   Supreme Court Rules 1:4, 4:9

Case No. <u>CL15-1181</u>

<u>March 30, 2016 at 9:00 a.m.</u>
PRODUCTION DATE AND TIME

<u>Norfolk Circuit Court</u>
<u>150 St. Paul's Boulevard, 7th Floor</u>
<u>Norfolk, Virginia 23510</u>
COURT ADDRESS

RECEIVED
MAR 1 6 2016
BY:_____

<u>Marius Xavier Mitchell v. Neal A. Robertson, et al.</u>

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**
**You are commanded to summon:**

<u>**Custodian of Records**</u>
<u>**Sentara Norfolk General Hospital**</u>
<u>**600 Gresham Drive**</u>
<u>**Norfolk, Virginia 23507**</u>

**iod**

Date _____ Req. # 43042030
# PGS_____ Initials _____
# Fiche_____ #Computer_____

**TO the person summoned: You are commanded to make available the documents and tangible**
**things designated and described below:**

All documentation in your care, custody or control including, but not limited to, all medical records,
narrative reports, doctor's notes, therapists' notes, nurses' notes, chronological records of visits, histories,
test results, **diagnostic imaging, x-rays and x-ray reports, ct scans,** patient registration and/or
information forms, bills and charges for services, insurance forms and all other documents, including any
documents sent to or received from any attorney or any other doctor, hospital or other healthcare provider
pertaining or relating to examination of or care or treatment rendered to **Marius Xavier Mitchell, SSN:**
**xxx-xx-4530; DOB: 04-21-1982.**

at: <u>Furniss, Davis, Rashkind and Saunders, P.C.</u>   on
<u>6160 Kempsville Circle, Suite 341B, Norfolk, VA 23502</u>
<u>File No. 13971</u>

<u>**March 30, 2016, at 9:00 a.m.**</u>
DATE AND TIME

to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such
tangible things in your possession, custody or control.

**NOTICE TO PROVIDERS:**

A COPY OF THIS SUBPOENA DUCES TECUM HAS BEEN PROVIDED TO YOUR PATIENT OR YOUR
PATIENT'S COUNSEL. YOU OR YOUR PATIENT HAVE THE RIGHT TO FILE A MOTION TO QUASH
(OBJECT TO) THE ATTACHED SUBPOENA. IF YOU ELECT TO FILE A MOTION TO QUASH, YOU
MUST FILE THE MOTION WITHIN 15 DAYS OF THE DATE OF THIS SUBPOENA. YOU MUST NOT
RESPOND TO THIS SUBPOENA UNTIL YOU HAVE RECEIVED WRITTEN CERTIFICATION FROM THE
PARTY ON WHOSE BEHALF THE SUBPOENA WAS ISSUED THAT THE TIME FOR FILING A MOTION

TO QUASH HAS ELAPSED AND THAT: NO MOTION TO QUASH WAS FILED; OR ANY MOTION TO QUASH HAS BEEN RESOLVED BY THE COURT OR THE ADMINISTRATIVE AGENCY AND THE DISCLOSURES SOUGHT ARE CONSISTENT WITH SUCH RESOLUTION. IF YOU RECEIVE NOTICE THAT YOUR PATIENT HAS FILED A MOTION TO QUASH THIS SUBPOENA, OR IF YOU FILE A MOTION TO QUASH THIS SUBPOENA, YOU MUST SEND THE RECORDS ONLY TO THE CLERK OF THE COURT OR ADMINISTRATIVE AGENCY THAT ISSUED THE SUBPOENA OR IN WHICH THE ACTION IS PENDING AS SHOWN ON THE SUBPOENA USING THE FOLLOWING PROCEDURE:

PLACE THE RECORDS IN A SEALED ENVELOPE AND ATTACH TO THE SEALED ENVELOPE A COVER LETTER TO THE CLERK OF THE COURT OR ADMINISTRATIVE AGENCY WHICH STATES THAT CONFIDENTIAL HEALTH CARE RECORDS ARE ENCLOSED AND ARE TO BE HELD UNDER SEAL PENDING A RULING ON THE MOTION TO QUASH THE SUBPOENA. THE SEALED ENVELOPE AND THE COVER LETTER SHALL BE PLACED IN AN OUTER ENVELOPE OR PACKAGE FOR TRANSMITTAL TO THE COURT OR ADMINISTRATIVE AGENCY.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of:

Neal A. Robertson
**PARTY NAME**

Jonathan R. Hyslop, Esquire
**NAME OF ATTORNEY**
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B

Norfolk, Virginia 23541
**OFFICE ADDRESS**

March 9, 2016
**DATE ISSUED**

78618
**VIRGINIA STATE BAR NUMBER**

(757) 461-7100
**TELEPHONE NUMBER OF ATTORNEY**

(757) 461-0083
**FACSIMILE NUMBER OF ATTORNEY**

**SIGNATURE OF ATTORNEY**

**Notice to Recipient:  See page three for further information.**

**RETURN OF SERVICE (see page three of this form)**

**TO the person summoned:**
If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

NAME:_____

ADDRESS:_____

☐   PERSONAL SERVICE   Tel. No._____

Being unable to make personal service, a copy was delivered in the following manner:

☐   Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation to party named above.

_____

☐   Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

_____

☐   not found   _____ , Sheriff

_____ by _____ , Deputy Sheriff
    DATE

## CERTIFICATE OF COUNSEL

I hereby certify that the original of the foregoing subpoena was mailed, first class, postage prepaid to all counsel of record on this March 9, 2016.

_____

3

Received On '016 Circuit Court Clerk's Office Norfolk, VA George ( )aefer, Clerk

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

MARIUS XAVIER MITCHELL,

        Plaintiff,                      Case No. CL15-1181

      v.

NEAL A. ROBERTSON,

        Defendant.

## AGREED ORDER

COMES NOW the plaintiff, Marius Xavier Mitchell, by counsel, THIS MATTER CAME UPON Plaintiff's Motion for Leave to File First Amended Complaint and it appearing that all parties have consented to entry of this Order, it is hereby

ORDERED that Plaintiff is granted leave to file the First Amended Complaint, currently lodged with the Court as Exhibit A to the Motion for Leave to File First Amended Complaint, and it shall be deemed filed as of this date.

ENTERED THIS _____ day of _____, 2016.

                                     Junius P. Fulton, III, Judge
                                     Aug 5 2016 11:03 AM

                    JUDGE

I ASK FOR THIS:

Jeremiah A. Denton III, Esq.
VSB #19191
Rhiannon M. Jordan, Esq.
VSB #78650
Jeremiah A. Denton IV, Esq.
VSB #83818
Jeremiah A. Denton III, P.C.

1

477 Viking Drive, Suite 100
Virginia Beach, VA 23452
Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
rhiannon@jeremiahdenton.com
jake@jeremiahdenton.com
*Counsel for Plaintiff*


SEEN AND AGREED TO:


_____
Alan B. Rashkind, Esq.
FURNISS, DAVIS RASHKIND AND SAUNDERS, P.C.
Smithfield Building, Suite 341B
6160 Kempsville Circle
P.O. Box 12525
Norfolk, VA 23502
Telephone: 757-461-7100
Facsimile: 757-461-0083
Email: arashkind@furnissdavis.com
*Counsel for Defendant*

2

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK**

**MARIUS XAVIER MITCHELL,**

      **Plaintiff,**                              **Case No. CL15-1181**

    **v.**

**NEAL A. ROBERTSON,**

      **Defendant.**

### MOTION TO FILE FIRST AMENDED COMPLAINT

    COMES NOW the plaintiff, Marius Xavier Mitchell, by counsel, and moves this court for leave to file a First Amended Complaint in this case. The proposed First Amended Complaint is attached hereto for lodging (**Ex. A**).

                                Respectfully Submitted,

                                MARIUS XAVIER MITCHELL

                                By: _____

                                      Of Counsel

Jeremiah A. Denton III, Esq.
VSB #19191
Rhiannon M. Jordan, Esq.
VSB #78650
Jeremiah A. Denton IV, Esq.
VSB #83818
Jeremiah A. Denton III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, VA 23452
Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
rhiannon@jeremiahdenton.com
jake@jeremiahdenton.com

1

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2016, a true copy of the foregoing document was emailed to:

Alan B. Rashkind, Esq.
FURNISS, DAVIS RASHKIND AND SAUNDERS, P.C.
Smithfield Building, Suite 341B
6160 Kempsville Circle
P.O. Box 12525
Norfolk, VA 23502
Telephone: 757-461-7100
Facsimile: 757-461-0083
Email: arashkind@furnissdavis.com
*Counsel for Defendant*

Rhiannon M. Jordan

2